SRIPLAW

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

1  Matthew L. Rollin (SBN 332631)
2  **SRIPLAW, P.A.**
   8730 Wilshire Boulevard
3  Suite 350
4  Beverly Hills, California 90211
   323.452.5600 – Telephone
5  561.404.4353 – Facsimile
6  matthew.rollin@sriplaw.com

7  *Counsel for Plaintiff*
8  *Paul Velgos*

9
10            **UNITED STATES DISTRICT COURT**
11           **CENTRAL DISTRICT OF CALIFORNIA**
12                   **SOUTHERN DIVISION**

13  PAUL VELGOS,                        | CASE NO.: 8:25-cv-1362
14
15           Plaintiff,                 | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**
16  v.
17  MAIN STREET EYEWEAR &               | **(INJUNCTIVE RELIEF DEMANDED)**
18  BOUTIQUE INC,
19
20           Defendant.

21       Plaintiff PAUL VELGOS by and through his undersigned counsel, brings this
22  Complaint against Defendant MAIN STREET EYEWEAR & BOUTIQUE INC for
23  damages and injunctive relief, and in support thereof states as follows:
24                        **SUMMARY OF THE ACTION**
25       1.    Plaintiff PAUL VELGOS ("Velgos") brings this action for violations of
26  exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute
27  Velgos' original copyrighted Work of authorship.
28

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                     CASE NO.: ****

2.  Velgos is a professional photographer specializing in high quality cityscape, landscape and beach photography that emphasizes unique scenes and tones. His work is available to purchase as art prints or digital download licensing. Velgos has had over 20,000 licenses of his images that have been purchases for use in movies, television, books, magazines, websites, print wall decor and much more, and his images have been licensed by some of the world's most well-known businesses including Forbes, The Wall Street Journal, Time, ABC News and Yahoo!. Velgos frequently works directly with businesses and partners with advertising agencies, art consultants, and design consultants on projects.

3.  Defendant MAIN STREET EYEWEAR & BOUTIQUE INC ("Main Street") is an optometrist and eyewear shop located in Huntington Beach, California, that has been in business for over 25 years. At all times relevant herein, Main Street owned and operated the Facebook page located at the internet URL www.facebook.com/mainstreeteyewear (the "Main Street Facebook Page").

4.  Velgos alleges that Defendant copied Velgos' copyrighted Work from the internet in order to advertise, market and promote its business activities. Main Street committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Main Street's business.

## JURISDICTION AND VENUE

5.  This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.  This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.  Defendant is subject to personal jurisdiction in California.

8.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Main Street engaged in infringement in this district, Main Street resides in this district, and Main Street is subject to personal jurisdiction in this district.

## DEFENDANT

9. Main Street Eyewear & Boutique Inc is a California Corporation, with its principal place of business at 200 Main Street, Suite 107, Huntington Beach, California, 92648, and can be served by serving its Registered Agent, LegalCorp Solutions, Inc., 8939 South Sepulveda Boulevard, Suite 102, Los Angeles, CA 90045.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2012, Velgos created the photograph entitled "Huntington Beach Pier Photo," which is shown below and referred to herein as the "Work".



11. Velgos routinely makes his Work available for purchase on the website "fineartamerica" located at the internet URL www.fineartamerica.com (the "Fine Art Website").

12. When Velgos made the Work available for purchase on the Fine Art Website, Velgos applied copyright management information to the Work consisting of the words "fine art America" to the bottom right.

13. Velgos registered the Work with the Register of Copyrights on April 22, 2012 as part of a group registration. The Group Registration was assigned registration number VAu 1-112-877. The Certificate of Registration is attached hereto as **Exhibit 1**.

14. At all relevant times Velgos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY MAIN STREET

15. Main Street has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, Main Street copied the Work.

17. On or about January 4, 2024, Velgos discovered the unauthorized use of his Work on the Main Street Facebook Page in a post-dated September 21, 2019.

18. Main Street copied Velgos' copyrighted Work without Velgos' permission.

19. After Main Street copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its optometry business.

20. Main Street copied and distributed Velgos' copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

21. Velgos' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

SRIPLAW
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

22. Main Street committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23. Velgos never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

24. Velgos notified Main Street of the allegations set forth herein on December 5, 2024, and December 19, 2024. To date, the parties have failed to resolve this matter.

25. When Main Street copied and displayed the Work at issue in this case, Main Street removed Velgos' copyright management information from the Work.

26. Velgos never gave Main Street permission or authority to remove copyright management information from the Work at issue in this case.

## COPYRIGHT INFRINGEMENT

27. Velgos incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Velgos owns a valid copyright in the Work at issue in this case.

29. Velgos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Main Street copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Velgos' authorization in violation of 17 U.S.C. § 501.

31. Main Street performed the acts alleged in the course and scope of its business activities.

32. Defendant's acts were willful.

33. Velgos has been damaged.

34. The harm caused to Velgos has been irreparable.

# COUNT I
# REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

35. Velgos incorporates the allegations of paragraphs 1 through 266 of this Complaint as if fully set forth herein.

36. The Work at issue in this case contains copyright management information ("CMI").

37. Main Street knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b). Attached hereto as **Exhibit 3** is a comparison of the Work on the Fine Art Website and the infringed work on the Main Street Facebook page, identifying the intentional removal of CMI.

38. Main Street committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Velgos' rights in the Work at issue in this action protected under the Copyright Act.

39. Main Street caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Velgos' rights in the Work at issue in this action protected under the Copyright Act.

40. Velgos has been damaged.

41. The harm caused to Velgos has been irreparable.

WHEREFORE, the Plaintiff PAUL VELGOS prays for judgment against the Defendant MAIN STREET EYEWEAR & BOUTIQUE INC that:

   a. Main Street and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

    b.    Main Street be required to pay Velgos his actual damages and Defendant's profits attributable to the infringement, or, at Velgos' election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

    c.    Main Street be required to pay Velgos his damages including lost sales and Defendant's profits as provided in 15 U.S.C. § 1125;

    d.    Velgos be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    e.    Velgos be awarded pre- and post-judgment interest; and

    f.    Velgos be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Velgos hereby demands a trial by jury of all issues so triable.

DATED: June 24, 2025            Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Paul Velgos*